IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ASK SYDNEY, LLC, | Case No. 6:23-cv-00111-XR |
| Plaintiff, | |
| v. | |
| GOOGLE, LLC, | |
| Defendant. | |

## PLAINTIFF ASK SYDNEY'S RESPONSE TO DEFENDANT GOOGLE'S MOTION TO DISMISS ASK SYDNEY'S COMPLAINT

Plaintiff Ask Sydney ("Ask Sydney") sued Defendant Google, LLC, ("Google") alleging that Google infringes U.S. Pat. Nos. 9,323,786 ("the '786 Patent") and 10,474,705 ("the '705 Patent") (the "Patents-in-Suit").[1] On April 21, 2023, Google filed a Motion to Dismiss Ask Sydney's Complaint for Failure to State a Claim and Invalidity ("Google's Motion").[2] Ask Sydney opposes Google's Motion as follows:

I.    **INTRODUCTION**

      **LEGAL STANDARD**

      **A.    Motion to Dismiss.**

      Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted." The question resolved on a

---

[1] Doc. No. 1.
[2] Doc. No. 11.

motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v Switzer,* 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering a motion to dismiss under Rule 12(b)(6), a court "accept[s] all well-pleaded facts as true, and view[s] those facts in the light most favorable to the plaintiff." *Bustos v Martini Club, Inc.,* 599 F.3d 458, 461 (5th Cir.2010). (*See, Script Security Solutions, LLC* v *Google, Inc.*, 170 F. Supp.3d 928 (E.D. Texas 2016).

"A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Panasonic Corp. v. Magna Int'l., Inc.*, 6:21-cv-00319-ADA, 2022 WL 174513 (W.D. Tex. Jan 20, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Plaintiff is not required to provide evidence of infringement at the pleading stage beyond "stat[ing] a claim to relief that is plausible on its face." *Id.* "Courts will not dismiss a claim unless the plaintiff 'would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint.'" *Id.* (quoting *Slyce Acquisition, Inc. v. Syte – Visual Conception, Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019)). Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When the nonmovant pleads factual content that allows the court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 U.S. at 678.

"The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Panasonic Corp. v. Magna Int'l., Inc.*, 6:21-cv-00319-ADA, 2022 WL 174513, at *1 (W.D. Tex. Feb 20, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Plaintiff is not required to provide evidence of infringement at the pleading stage beyond "stat[ing] a claim to relief that is plausible on its face." *Id.* "Courts will not dismiss a claim unless the plaintiff 'would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint.'" *Id.* (quoting *Slyce Acquisition, Inc. v. Syte – Visual Conception, Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019)).

To state a claim for patent infringement under 35 U.S.C. § 271, a plaintiff need only give the defendant "fair notice" of the infringement claim and "the grounds upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). "Fair notice," in turn, requires the plaintiff to plausibly allege that the accused products meet "each and every element of at least one claim" of the asserted patent. *Disc Disease*, 888 F.3d at 1260, *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.,* No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *3 (E.D. Tex. Nov. 17, 2020) (*See, also*, *Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC,* 539 F. Supp. 3d 685, 694 (S.D. Tex. 2021), a defendant has fair notice of a direct infringement claim if the complaint specifically identifies the allegedly infringing product and the patent the product infringes.)

**B.      Invalidity Under 35 U.S.C. § 101.**

Section 101 of the Patent Act sets forth four categories of patentable subject matter: "any new and useful process, machine, manufacture, or composition of matter." 35 U.S.C. § 101. The

law recognizes three exceptions to patent eligibility: "laws of nature, physical phenomena, and abstract ideas." *Diamond v. Chakrabarty*, 447 U.S. 303, 308 (1980) (emphasis added). Determining whether a patent claim is directed to an abstract idea involves two steps. First, the court determines "whether the claims at issue are directed to a patent-ineligible concept." *Alice*, 573 U.S. at 218 (2014). Second, if the claim contains an abstract idea, the court evaluates whether there is "an 'inventive concept'—i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id*. at 217. Courts conduct the abstract idea inquiry by analyzing the "focus" of the claim, i.e., its "character as a whole," to determine whether the claim is directed to an abstract idea. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018).

## II.     ARGUMENT

### A.     Ask Sydney's Complaint and Claim Charts Adequately and Plausibly Allege Direct Infringement of the Patents-in-Suit.

Google spends the majority of its Motion impermissibly arguing the merits with respect to Ask Sydney's allegations, ignoring that Ask Sydney is required only to *plausibly* plead its claims at this stage, which Ask Sydney has sufficiently done. To that end, the Court should reject Google's improper attempt to turn its Motion to Dismiss Ask Sydney's Complaint into a claim construction exercise.

In short, Google's accusation against Ask Sydney's Complaint and Claim Charts go to the merits of Ask Sydney's case, and therefore, should be ignored at the pleading stage. Importantly, Ask Sydney has plausibly pled that Google has put the accused system as a whole into use, and benefits from each claimed element,[3] which is the standard for direct infringement.[4] Therefore,

---

[3] Doc. Nos. 1 and 1-1, Ask Sydney's Complaint and Claim Charts.
[4] *Grecia v. McDonald's Corp.*, 724 Fed. Appx. 942, 946 (Fed. Cir. 2018).

Google's Motion should be denied.

Google argues that it "does not use" the accused system. Respectfully, Google ignores the fact that it put the accused system as a whole into use, which is the operative test for establishing direct infringement. *Grecia v. McDonald's Corp.*, 724 Fed. Appx. 942 at 946 (Fed. Cir. 2018). Ask Sydney has pled facts showing control of the system by Google and benefit from its elements. Here, Google cannot deny that Ask Sydney plausibly has pled benefits to Google from each and every claimed element.

**B.    Ask Sydney Plausibly Alleges Material Claim Limitations.**

Ask Sydney submits that it has alleged facts to support its claim for direct infringement, as made clear in its Claim Charts.[5] In response, Google argues why these allegations are impossible or improbable based on its purported constructions. This is fundamentally improper.

Google spends multiple pages in its Motion arguing claim construction positions with respect to various claim terms. These arguments should be ignored as improper at the pleading stage, and instead every factual inference should be construed in Ask Sydney's favor at the pleading stage. Ask Sydney respectfully submits that these arguments are more appropriate at the Markman stage.

Ask Sydney submits that it has alleged facts to support its claim for direct infringement, as made clear in its Claim Chart.[6] In response, Google argues why these allegations are impossible or improbable based on its purported constructions. This is fundamentally improper. Accordingly, Google's Motion with respect to direct infringement should be denied.

"The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in

---

[5] Doc. 1-1, Exhibits C and D.
[6] *Id.*

the complaint must be taken as true." *Morgan Stanley Dean Witter*, 224 F.3d at 498 (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The "plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).[7] Here, Ask Sydney has gone above and beyond the requirements of the pleading stage. The fact that Google disagrees with Ask Sydney's claim interpretation and infringement read is not a proper basis for dismissal of the complaint with a 12(b)(6) motion.

Therefore, Google's Motion to Dismiss should be denied.

### C.    The Patents-in-Suit Claim Eligible Subject Matter.

The Patents-in-Suit claims are patentable under 35 U.S.C. § 101 as confirmed by the United States Patent and Trademark Office (USPTO) because they taught an improvement over the art at the time of filing and satisfies the statutory requirements of 35 U.S.C. § 101.

#### 1.    The Claims of the Patents-in-Suit Are Directed to Concrete Steps.

To properly evaluate whether asserted claims "are directed to a patent-eligible concept,"[8] a court must examine "the focus of the claimed advance over the prior art to determine if the character of the claim as a whole, considered in light of the specification, is directed to excluded subject matter."[9]   In other words, abstractness is determined by analyzing the claim as a whole,

---

[7] Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff is generally required to provide "only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument." *Skinner,* 562 U.S. at 530, 131 S.Ct. 1289.
[8] *Alice Corp. Pty. Ltd.*, 573 U.S. at 218.
[9] *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1084, 1092 (Fed. Cir. 2019).

not whether each element standing alone is abstract.[10]  Google has failed to consider the claims as a whole and has over-generalized the Patents-in-Suit.

The claims of the Patents-in-Suit are directed to improvements in "system and computer-implemented method of analyzing tags associated with a sequence of images presented to a user to present a current interest of the user is disclosed."[11]  In this improvement, "a system and computer-implemented method are disclosed that guide a user to his or her current interest based on a sequential presentation of images representative of possible physical objects of interest."[12]  The 'Patents-in-Suit specifications teach the claimed solution for a procedure that was unavailable prior to the invention of the subject matter of the Patents-in-Suit claims.

The Patents-in-Suit also describe the concrete steps behind it as follows:

> The systems and methods of analyzing tags associated with a sequence of images presented to a user to guide a user to a current interest relies on a plurality of tags that is associated with a user being processed based on a previous set of tags of an image and a preference for that image from the user. Accordingly, the database **108** may store, or the server **106** may dynamically generate, a plurality of tags that are a subset of all of the tags (e.g., pool of tags) that are stored on the database **108**. The plurality of tags includes not only the tags but also the sets of tags that correspond to the images that are covered by one or more of the tags. As will be described in greater detail below, the plurality of tags may be tags that apply or are relevant to a user, such as tags within the pool of tags that match tags associated with a user's profile. As the user is presented with images and provides preferences in response to the images, the plurality of tags evolves as certain tags are removed (or not considered) and/or certain sets of tags are removed (or not considered) from the plurality of tags.[13]

---

[10] *See e.g., Alice Corp.*, 573 U.S. 208, 219, 134 S. Ct. 2347, 2359 (2014); *Eyetalk365, LLC v. Zmodo Tech. Corp.*, 356 F. Supp. 3d 1059, 1067 (D. Nev. 2018).
[11] Doc. 1-1, Abstract of '786 Patent at 2, Abstract of the '705 Patent at 31.
[12] Doc. 1-1, '786 Patent at 14, '705 Patent at 43.
[13] Doc. 1-1 '786 Patent at 19.

The first image presented during a session of the computer-implemented method or algorithm **200***a* is an image within the pool of images. By way of example, the first image is randomly selected from among the plurality of images as a first image of the sequence of images. Alternatively, the first image can be an image from among the plurality of images that is associated with a high number of interactions with the user, either through direct interactions between the user and the image, such as the user indicating a preference in response to being presented an image, or through interactions between one or more tags associated with the image and the user. Alternatively, the first image presented to the user within a session of the computer-implemented method or algorithm **200***a* can be based on a search of the user for a specific tag, physical object, or entity that provides the physical object. For example with respect to food, the user can elect to begin a session of the computer-implemented method or algorithm **200***a* and enter the name of the physical object they seek, such as Chinese chicken salad. In response, the computer-implemented method or algorithm **200***a* searches for images within the database **108** containing one or more tags describing or characterizing Chinese chicken salad, enabling the user to search their geographic area for restaurants/vendors bearing that food item. At the same time, this functionality encourages restaurants (e.g., entities) associated with premium accounts to upload images of their food dishes, thereby making their food dishes searchable within the system **100** for all potential users within their local area. [14]

Thus, the focus on the Patents-in-Suit and its claims is a technical solution not solved by prior art.

### 2.   The Claims Include and Inventive Concept.

The Federal Circuit has analyzed step two in the *Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016). Bascom emphasizes that the inventive concept can be found in the "ordered combination of the limitations." Thus, if the ordered combination of the claim limitations is shown to improve the functioning of the computer, rather than just implementing the abstract idea on the computer, the invention is eligible for patent protection under Section 101. The facts of *Bascom* are particularly relevant to the analysis of the '920 patent. Just like the '920 patent, the invention in *Bascom* related to "filtering" material

---

[14] Doc. 1-1, '705 Patent at 52.

received over the Internet (a global digital communications network). As with the '920 patent, the specification of the patent in *Bascom* acknowledged that local filtering at a computer that received the material was known but was problematic. The claimed invention in *Bascom* did not place the filtering locally, however, but instead placed the filtering more centrally on the network. The Federal Circuit found that the ordered combination of claim elements in Bascom that placed the filtering system more centrally constituted an "inventive concept" under step two of *Alice*:

> The inventive concept described and claimed in the '606 patent is the installation of a filtering tool at a specific location, remote from the end-users, with customizable filtering features specific to each end user. This design gives the filtering tool both the benefits of a filter on a local computer and the benefits of a filter on the ISP server.[15]

This is the exact same inventive concept found in the Patents-in-Suit—a filtering tool that provides additional benefits to a computerized system. Thus, for the same reason as set forth in *Bascom*, the Patents-in-Suit should be considered patent eligible under step two of *Alice*. The Patents-in-Suit need only pass one of step one or step two of the Alice test to be eligible for patent protection under Section 101. Based on the above analysis, the Patents-in-Suit pass both steps and thus claim patentable subject matter.

## III.   REQUEST TO FILE AMENDED COMPLAINT

Ask Sydney believes that it has sufficiently pled direct patent infringement in its Complaint. However, should the Court be inclined to grant any portion of Google's Motion, Ask Sydney respectfully requests an opportunity to file an amended complaint to correct any identified pleading issues.

---

[15] *Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350.

## IV.    CONCLUSION

For the foregoing reasons, Ask Sydney respectfully requests that the Court deny Google's

Motion to Dismiss.


Dated: May 19, 2023,                                Respectfully Submitted,

**Ramey LLP**

/s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for Ask Sydney, LLC*


## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record

who have appeared in this case are being served on this day of May 19, 2023, with a copy of the

foregoing via ECF.

/s/ William P. Ramey, III
William P. Ramey, III