# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ASK SYDNEY, LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>              Defendant. | Civil Action No. 6:23-cv-00111 |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. ASK SYDNEY FAILS TO PLAUSIBLY PLEAD DIRECT INFRINGEMENT. .............2

    A. Ask Sydney does not allege any Google product practices each limitation of any asserted claim..................................................................................................2

        1. Ask Sydney does not dispute that the Complaint fails to allege that Google does not present images "one at a time" as required by the asserted claims in both the '786 and '705 Patents. ......................................3

        2. Ask Sydney fails to plausibly allege the "determining weightings" and "determining" an "additional tag" limitations of the '786 Patent.................................................................................................................4

        3. Ask Sydney distinguished Google Search during prosecution of the '705 Patent, thereby admitting Google Search does not practice the claims. ...................................................................................................5

III. THE ASSERTED CLAIMS ARE INVALID UNDER 35 U.S.C. § 101. .........................5

    A. *Alice* step one: the asserted claims are not directed to concrete steps and do not claim an improvement in computer functionality..........................................5

    B. *Alice* step two: representative claim 1 lacks an inventive concept. ........................7

IV. LEAVE TO AMEND SHOULD BE DENIED. ..................................................................8

V. CONCLUSION......................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Affinity Labs of Tex., LLC v. Amazon.com Inc.*,
  838 F.3d 1266 (Fed. Cir. 2016) ............................................................................................... 6, 8

*AK Meeting IP LLC v. Zoho Corp.*,
  No. 1:22-CV-1165-LY, 2023 WL 1787303 (W.D. Tex. Feb. 6, 2023), *report and recommendation adopted sub nom.,* No. 1:22-CV-01165-LY, 2023 WL 3035436 (W.D. Tex. Mar. 1, 2023) .................................................................................................... 2

*Alice Corp. v. CLS Bank Int'l*,
  573 U.S. 208 (2014) ......................................................................................................... 3, 5, 7, 8

*Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*,
  827 F.3d 1341 (Fed. Cir. 2016) ............................................................................................... 7, 8

*Bot M8 LLC v. Sony Corp.*,
  4 F.4th 1342 (Fed. Cir. 2021) ...................................................................................................... 4

*Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*,
  778 F. App'x 882 (Fed. Cir. 2019) .............................................................................................. 6

*BSG Tech LLC v. BuySeasons, Inc.*,
  899 F.3d 1281 (Fed. Cir. 2018) ................................................................................................... 6

*ChargePoint, Inc. v. SemaConnect, Inc.*,
  920 F.3d 759 (Fed. Cir. 2019), *cert. denied,* 140 S. Ct. 983 (2020) ....................................... 1, 5

*Customedia Techs., LLC v. Dish Network Corp.*,
  951 F.3d 1359 (Fed. Cir. 2020) ................................................................................................... 7

*Elec. Power Grp., LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016) ............................................................................................... 6, 8

*Free Stream Media Corp. v. Alphonso Inc.*,
  996 F.3d 1355 (Fed. Cir. 2021) ................................................................................................... 6

*Golden v. Intel Corp.*,
  No. 2023-1257, 2023 WL 3262948 (Fed. Cir. May 5, 2023) ................................................. 3, 9

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
  65 F.4th 698 (Fed. Cir. Apr. 12, 2023) .................................................................................... 3, 4

*SAP America v. Pedersen*,
  No. 3:22-cv-01534-K, Dkt. No. 14 (N.D. Tex. July 15, 2022) ............................................... 5, 8

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC,*
  874 F.3d 1329 (Fed. Cir. 2017) .................................................................................... 1, 5

*Vervain, LLC v. Micron Tech., Inc.*,
  No. 6:21-cv-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ....................................... 2

**Statutes**

35 U.S.C. § 101 ................................................................................................................. 1

I.      **INTRODUCTION**

Google moved to dismiss because Ask Sydney fails to plausibly plead infringement and the patents are invalid under 35 U.S.C. § 101. Google identified five fatal flaws with Ask Sydney's Complaint: (1) Ask Sydney fails to identify how a specific Google instrumentality practices the asserted claims; (2) Ask Sydney admits Google does not present images to users "one at a time," as required by the asserted claims; (3) Ask Sydney does not plausibly allege Google's practice of the "determining weightings" and "determining" an "addition tag" limitations of the '786 Patent; (4) Ask Sydney explicitly disclaimed Google Search during prosecution of the '705 Patent; and (5) the patents claim unpatentable subject matter.

In its Opposition, Ask Sydney does not coherently address any of these flaws. Rather, Ask Sydney has merely cut and pasted arguments from counsel's other cases, in some instances without even bothering to change the patent number. Further, half of the Opposition is nearly verbatim identical to Ask Sydney's Opposition to Microsoft's motion to dismiss. In short, Ask Sydney makes no effort to meaningfully defend the adequacy of its allegations against Google.

Further, in opposing Google's section 101 challenge, Ask Sydney merely block quotes two paragraphs of the specification, ignoring the claim language entirely. Then Ask Sydney claims the asserted patents are analogous to a patent involving a "filtering tool," while referring to a "'920 patent" that is not asserted in this case. Even assuming Ask Sydney's arguments refer to the patents actually in suit here, its reliance on the specification alone, without addressing the claim language, is both improper and insufficient to rebut Google's arguments. The Federal Circuit has made it clear that, at step one, the claim language controls over the specification when identifying the focus of the claims, *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 766 (Fed. Cir. 2019), *cert. denied,* 140 S. Ct. 983 (2020), and that, at step two, "an inventive concept must be evident *in the claims.*" *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC,* 874 F.3d 1329, 1338 (Fed. Cir. 2017) (emphasis added). But, even if the Court were to consider the specification when evaluating the asserted claims, nothing in the specification focuses on a technological improvement or evinces an inventive concept.

In sum, Ask Sydney's Opposition reflects the same careless approach to this case that is evident in its Complaint. Ask Sydney failed to conduct a reasonable investigation prior to asserting its scattershot claims against Google, and when confronted with the myriad deficiencies in its Complaint, Ask Sydney still refuses to meaningfully engage. Furthermore, while Ask Sydney requests leave to amend, it identifies no amendment that could save its claims.

Accordingly, Google respectfully requests that the Complaint be dismissed with prejudice.

## II. ASK SYDNEY FAILS TO PLAUSIBLY PLEAD DIRECT INFRINGEMENT.

### A. Ask Sydney does not allege any Google product practices each limitation of any asserted claim.

Ask Sydney makes no attempt to identify any Google product that practices each limitation of any asserted claim. Ask Sydney's Complaint (including the attached claim charts) refer to unidentified "Google services" and "Google" conduct untethered to any service, and they cobble together functionalities of several distinct Google products, without ever mapping all the claim limitations to any one of them. Even after Google pointed this out in its Motion, Ask Sydney's Opposition provides no clarity into which Google product allegedly infringes.

Instead, Ask Sydney makes only the conclusory and confounding argument that "Google has put the accused system as a whole into use" while still failing to specify what the "accused system" is. Opposition ("Opp."), Dkt. No. 14, at 4. "[T]he complaint must support its entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (citation omitted). As explained in Google's Motion, courts have repeatedly dismissed complaints where the patentee "mixes and matches distinct features of the accused products to support its infringement claim." *AK Meeting IP LLC v. Zoho Corp.*, No. 1:22-CV-1165-LY, 2023 WL 1787303, at *4 (W.D. Tex. Feb. 6, 2023), *report and recommendation adopted sub nom.,* No. 1:22-CV-01165-LY, 2023 WL 3035436 (W.D. Tex. Mar. 1, 2023); Motion to Dismiss ("Mot."), Dkt. No. 11, at 5-6. And, the Federal Circuit very

2

recently affirmed that a complaint is subject to dismissal when "the allegations … are insufficient to identify what products infringe and how those products infringe." *Golden v. Intel Corp.*, No. 2023-1257, 2023 WL 3262948, at *6 (Fed. Cir. May 5, 2023).

By not actually identifying a single product that it even alleges meets all claim limitations, Ask Sydney effectively concedes the deficiency that Google identified in its Motion. The Complaint thus fails to meet the most basic requirement for pleading infringement—clearly identifying an accused product and articulating why that product infringes—and accordingly should be dismissed.

        **1.**      **Ask Sydney does not dispute that the Complaint fails to allege that Google does not present images "one at a time" as required by the asserted claims in both the '786 and '705 Patents.**

As explained in Google's Motion to Dismiss, both the asserted claims require presenting images one at a time. Mot. at 12-13. Yet Ask Sydney does not dispute that the images included in its claim charts clearly show Google presents multiple images at once rather than presenting images "one at a time" as the claims require.

Ask Sydney's only argument on this issue is that its disposition should await a *Markman* ruling. Opp. at 5. But Ask Sydney offers no construction that could or would make its infringement allegations adequate. *See Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 704 (Fed. Cir. Apr. 12, 2023) (affirming grant of motion to dismiss not preceded by claim construction where patentee "failed to provide proposed constructions" it identified as requiring claim construction and "failed to explain why any proposed constructions were not frivolous or how its constructions would make any difference to the *Alice* analysis").

Nor could it because the claims' language is unambiguous. The '786 Patent requires "causing a presentation of *only the one electronic image*" ('786 Patent 27:1-3), and "generating a sequence of electronic images presented to the user *one at a time* on the display of the electronic device." *Id.* 27:60-67 (all emphases added). Likewise, claim 1 of the '705 Patent requires "transitioning *the one of the digital images* with the subsequent digital image." '705 Patent

3

27:41-44 (emphasis added). Further, Ask Sydney does not dispute that during patent prosecution, in response to the Patent Examiner's rejection based on § 101 grounds, Ask Sydney highlighted that its claims required "transmitting one electronic image," rather than "sending a plurality of electronic images." *See* Dinh Decl., Dkt. 11-1, Ex. 2, at 50; Mot. at 12-14.

Ask Sydney does not dispute that Google presents multiple images at a time, thus rendering its "infringement claim not even possible, much less plausible." *Bot M8 LLC v. Sony Corp.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021).

### 2. Ask Sydney fails to plausibly allege the "determining weightings" and "determining" an "additional tag" limitations of the '786 Patent.

Ask Sydney's Complaint should also be dismissed because Ask Sydney pleads no facts to support Google's practice of the "determining weightings" and "determining" an "additional tag" limitations of the '786 Patent. '786 Patent 27:39-51. Ask Sydney makes no meaningful attempt to address this deficiency. It merely asserts that it has "alleged facts to support its claim for direct infringement," but does not point to any alleged facts that would show Google's practice of these limitations, instead citing generally to its claim charts. Opp. at 5. Ask Sydney further concludes on "information and belief" that Google's products use a "weighting system," and merely parrots the claim language. *See* Mot. at 9-10. But Ask Sydney pleads no facts to support such a belief. This is insufficient, particularly as Ask Sydney was only able to overcome § 101 rejection by adding these limitations. *See* Mot. at 9-10, 15-16; *Bot M8*, 4 F.4th at 1354.

Ask Sydney also claims that this too is a claim construction issue, but again does not propose any claim construction that could salvage its infringement allegations. Nor can it as it fails to plead *any facts* that render it plausible that Google practices the "determining weightings" and "determining an additional tag" limitations of the '786 Patent. *See Sanderling Mgmt. Ltd.*, 65 F.4th at 704.

/ / /

/ / /

3.   **Ask Sydney distinguished Google Search during prosecution of the '705 Patent, thereby admitting Google Search does not practice the claims.**

Ask Sydney does not deny that it expressly disclaimed Google Search during prosecution of the '705 Patent to overcome § 101 rejection. *See* Mot. at 10; Dinh Decl., Ex. 5, at 100. In its Opposition, Ask Sydney does not explain why it is plausible that the very same product it disclaimed during prosecution could now infringe. Nor could it, and for this additional reason, the claims should be dismissed.

### III.   THE ASSERTED CLAIMS ARE INVALID UNDER 35 U.S.C. § 101.

Ask Sydney fails entirely to grapple with Google's arguments regarding the invalidity of the asserted patents. Rather than identify the patent-eligible concept to which they are directed, Ask Sydney has copied entire blocks of its argument from another of plaintiff's counsel's cases, including references to the asserted patent in that case.[1] Beyond that, Asky Sydney just block quotes from the patents' shared specification, making no attempt to explain how the patents survive either step under *Alice*.

Additionally, in arguing that the asserted claims are not directed to an abstract idea, Ask Sydney cites only to the specification, not the claim language. This is improper. At step one, "reliance on the specification must always yield to the *claim language* in identifying" the focus of the claims. *ChargePoint*, 920 F.3d at 766 (emphasis added). Likewise, at step two, "an inventive concept must be evident *in the claims.*" *Two-Way Media,* 874 F.3d at 1338 (emphasis added). Thus, Ask Sydney's (largely unexplained) references to the specifications do not save its claims.

A.   **Alice step one: the asserted claims are not directed to concrete steps and do not claim an improvement in computer functionality.**

The asserted claims are directed to the abstract idea of generating and presenting an image to a user in order to determine the user's interest. Ask Sydney argues "Google has failed

---

[1] *Compare* Opp. at 1-4, 6-9 *with SAP America v. Pedersen*, No. 3:22-cv-01534-K, Dkt. No. 14, at 1-12 (N.D. Tex. July 15, 2022)

5

to consider the claims as a whole and has over-generalized" the asserted patents. Opp. at 7. But Google, unlike Ask Sydney, has actually addressed the claim language. *See* Mot. at 12-19. For its part, Ask Sydney does not explain what the claims as a whole disclose beyond the abstract idea that Google has identified, or how exactly Google has over-generalized the patents. Nor does Ask Sydney even attempt to address: (i) Google's arguments that the claims are directed to an abstract idea; (ii) any of the Federal Circuit decisions cited in Google's Motion finding that claims aimed at using user information to deliver content specific to the user are directed to abstract ideas (*see* Mot. at 13-14 (citing *Free Stream Media Corp. v. Alphonso Inc.*, 996 F.3d 1355, 1361-62 (Fed. Cir. 2021); *BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1288 (Fed. Cir. 2018); *Affinity Labs of Tex., LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1269 (Fed. Cir. 2016); *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016))); or (iii) the Patent Examiner's findings that both of the asserted patents were directed to abstract ideas (Mot. at 15-16).

As explained in Google's Motion, the claims recite only "purely functional" language "without providing any limiting detail that confines the claim[s] to a particular solution to an identified problem." Mot. at 14-16 (citing *Affinity Labs*, 838 F.3d at 1269). Specifically, the asserted claims recite the following functional language: retrieving information, determining tags, receiving an input, transmitting an image, processing tags, and generating a sequence of images. '786 Patent 26:49-27:67; '705 Patent 27:23-49. Google explained in its Motion that in *Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*, 778 F. App'x 882 (Fed. Cir. 2019), the Federal Circuit found a patent invalid under § 101 where the claims recited basically indistinguishable steps of "determining" and "retrieving" information, "generating a user profile," and "'analyzing' the information." Ask Sydney does not even mention *Bridge & Post*, much less attempt to distinguish its patents from the outcome in that case.

While Ask Sydney improperly relies on the specification rather than claim language, the specification would not aid its position even if reliance on it were appropriate. The specification merely "describe[s] a desired function or outcome," *Affinity Labs*, 838 F.3d at 1269, and does not

6

disclose an "improvement in computer capabilities." *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1365 (Fed. Cir. 2020).

The long sections of the specification Ask Sydney has excerpted confirm that all that is claimed are *results*. The cited excerpts describe storing tags in a "database," "dynamically generating" tags with a "server," using tags that are "relevant to a user" or "match[ing] tags associated with a user's profile," and presenting a sequence of images, but not how tags are stored, how tags are generated, how tags are determined, or how images are selected or organized. *See* Opp. at 8-9. Ask Sydney points to no part of the specification that discloses an algorithm, special programming, or any new hardware anywhere in the claims or specification. *See* Opp. at 6-8.

In sum, the asserted claims recite functional language and are not confined to a particular solution to an identified problem, and thus fail *Alice* step one.

B.     *Alice* **step two: representative claim 1 lacks an inventive concept.**

At step two, the question is whether the elements of representative claim 1, either individually or in combination, contain an inventive concept sufficient to "'transform' the claimed abstract idea into a patent-eligible application" of the idea. *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 217, 221 (2014) (citations omitted). As Google established in its Motion, the asserted claims merely claim the abstract idea of generating and presenting an image to a user in order to determine the user's interest, and do not disclose any particular mechanism for accomplishing these results. Mot. 11-16.

In response, Ask Sydney does not even attempt to identify a single claim limitation that adds anything beyond the abstract idea. Instead, Ask Sydney analogizes to *Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016), where the claims recited an inventive concept consisting of "the installation of a filtering tool at a specific location, remote from the end-users, with customizable filtering features specific to each end user." Ask Sydney's reliance on *Bascom* is perplexing because the '786 Patent does not include

7

the word "filter" at all. Notably, this argument appears to have been largely cut and pasted from counsel's Opposition in another case, involving a "'920 Patent." *Compare* Opp. at 8-9 *with Pedersen*, No. 3:22-cv-01534-K, Dkt. No. 14, at 15-16.

In any event, the *Bascom* claims survived because they recited an allegedly unique way to combine the benefits of remote, ISP-based Internet filtering and local, user-specific Internet filtering by exploiting a particular feature of TCP/IP packets that carry Internet data. *Bascom*, 827 F.3d at 1344-45; *see also Affinity Labs*, 838 F.3d at 1265 (discussing *Bascom*). This concept was potentially inventive because it amounted to "a technology-based solution ... to filter content on the Internet that overcomes existing problems with other Internet filtering systems." *Bascom,* 827 F.3d at 1351.

By contrast, Ask Sydney does not point to any improvement to computer systems. Unlike the claims in *Bascom*, the claims here "do not require any nonconventional computer, network, or display components, or even a 'non-conventional and non-generic arrangement of known, conventional pieces,' but merely call for performance of the claimed information collection, analysis, and display functions 'on a set of generic computer components' and display devices." *Elec. Power Grp.*, 830 F.3d at 1355 (citations omitted). Ask Sydney points to no technological implementation detail included in any limitation of the asserted claims. It cannot, because they refer only to generic computer components such as an "electronic device," "application," "computer devices," "video display device," and a "user input device." '786 Patent 26:48-53; '705 Patent 27:23-35.

Even setting aside that the inventive concept must be evident *in the claims*, the asserted patents' shared specification, which merely invokes already available conventional computers, likewise lacks any specific technical requirements. *See* Mot. at 19.

Accordingly, the asserted patents fail both *Alice* steps, rendering them invalid.

## IV.   LEAVE TO AMEND SHOULD BE DENIED.

Ask Sydney's cursory request for leave to amend, made without reference to any proposed amendments that could cure the fatal defects in its Complaint, should be denied. *See*

*Golden*, 2023 WL 3262948, at *6 (affirming dismissal with prejudice where plaintiff did not explain how he could amend his complaint to identify specific products that infringe his patent claims). Ask Sydney does not address Google's arguments regarding the futility of amendment, and Ask Sydney's barebones Opposition only confirms that this case should not proceed any further.

As explained in Google's Motion, amendment would be futile because (a) Ask Sydney affirmatively pleaded that Google presents images multiple at a time, which is inconsistent with the asserted patents' limitations requiring presentation "one at a time;" (b) Ask Sydney expressly distinguished Google Search during prosecution of the '705 Patent; and (c) the asserted claims are invalid under section 101. *See* Mot. at 20.

## V.  CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss the Complaint with prejudice.

Respectfully submitted,

Dated: May 26, 2023

**KWUN BHANSALI LAZARUS LLP**

By: */s/ Asim M. Bhansali*
Asim M. Bhansali
Texas State Bar No. 90001290
abhansali@kblfirm.com
Kate E. Lazarus (*pro hac vice*)
klazarus@kblfirm.com
Elizabeth H. Dinh (*pro hac vice*)
edinh@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

**JACKSON WALKER LLP**
Erica Benites Giese
Texas State Bar No. 24036212
egiese@jw.com
112 E. Pecan Street, Suite 2400
San Antonio, TX 78205

(210) 978-7900
(210) 242-4646 (facsimile)

Nathaniel St. Clair, II
Texas Bar No. 24071564
nstclair@jw.com
2323 Ross Avenue, Suite 600
Dallas, TX 75201
(214) 953-6000
(214) 953-5822 (facsimile)

Attorneys for Defendant
GOOGLE LLC

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of May 26, 2023, with a copy of the foregoing via ECF.

*/s/ Asim M. Bhansali*
Asim M. Bhansali
